1
2
3
4
5
6

7                    UNITED STATES DISTRICT COURT
                    WESTERN DISTRICT OF WASHINGTON
8                              AT SEATTLE

9  TIMOTHY MITCHELL,                  Case No.  CV10-01683-JLR-JPD
10                                              CR08-00213-JLR
             Petitioner,
11
       v.                             ORDER GRANTING MOTIONS RE
12                                    WAIVER OF ATTORNEY-CLIENT
   UNITED STATES OF AMERICA,          PRIVILEGE AND DENYING
13                                    MOTION TO INTERVENE
             Respondent.
14

15
       This matter comes before the Court on respondent's second Emergency Motion
16
Regarding Waiver of Attorney-Client Privilege in this 28 U.S.C. § 2255 action to vacate, set
17
aside, or correct petitioner's sentence, Dkt. 11, as well as attorney Robert Leen's Motion for
18
Leave to Intervene and Seek Clarification, Dkt. 12.  Specifically, in this habeas action
19
petitioner is seeking relief from his convictions for possession of cocaine and
20
methamphetamine with intent to distribute on the grounds that his former trial attorney, Mr.
21
Leen, rendered ineffective assistance at numerous stages of the proceedings.  *See* Dkt. 1 at 1-9.
22
       On January 4, 2011, respondent filed its first Emergency Motion Regarding Waiver of
23
Attorney-Client Privilege, asserting that in order to answer petitioner's § 2255 motion, "[t]he
24
United States needs to discuss these issues with Mr. Leen.  However, Mr. Leen refuses to
25
discuss the matter until this Court issues an order authorizing these discussions." Dkt. 9 at 1.
26

ORDER
PAGE - 1

As a result, respondent requested an Order declaring that, by filing his § 2255 motion alleging ineffective assistance of counsel, petitioner has impliedly waived his attorney-client privilege for the limited purpose of resolving the issues presented in his § 2255 motion. *See id*. at 3.

By Order dated January 5, 2011, the Court directed petitioner to "file his objections, if any, to respondent's Emergency Motion Regarding Waiver of Attorney-Client Privilege . . . no later than January 18, 2011." Dkt. 10 at 2. Furthermore, the Court asserted that "[i]f petitioner fails to respond to this Order by January 19, 2011, he will be deemed to have waived the attorney-client privilege." *Id*. To date, petitioner has not filed any objections to respondent's motion.

On February 2, 2011, respondent filed a second Emergency Motion Regarding Waiver of Attorney-Client Privilege, Dkt. 11, explaining that Mr. Leen again declined to speak with the government about petitioner's case "because he believed that the Rules of Professional Responsibility prohibit him from ethically disclosing any attorney-client conversations without a district court's order explicitly ordering him to do so." *Id*. at 2. Furthermore, because the Court's January 5, 2011 Order did not include an express waiver of Washington's Rule of Professional Conduct 1.6, Mr. Leen "suggested that a hearing be scheduled to express his concerns and set the parameters of any discussions between himself and the United States." *Id*.

On February 3, 2011, Mr. Leen filed a Motion for Leave to Intervene and Seek Clarification of this Court's January 5, 2011 Order. Dkt. 12. Mr. Leen asserts that "[a] review of Pro Se Petitioner's Petition and Affidavit show that Pro Se Petitioner's allegations of claimed ineffectiveness of counsel are not limited in nature but go to significant portions if not the entire scope of Pro Se Petitioner's criminal case. Because Pro Se Petitioner has had no one to represent his interests or protections under the attorney client privilege, Leen requests permission to intervene and seek clarification from the Court as to the limited areas of attorney client waiver to which the Court's order applied and which will apply to any testimony Leen is required to make if subpoenaed to testify in this proceeding." *Id*. at 2. In addition to his

1   request to intervene, Mr. Leen asks "that the Court conduct an in camera hearing with Leen
2   and Pro Se Petitioner outside the presence of the Government," and for "the court to appoint
3   Pro Se Petitioner legal counsel[.]" *Id*. at 3.

4        Because the law in this Circuit regarding the scope of a habeas petitioner's implied
5   waiver of the attorney-client privilege is undisputed, the Court finds that a hearing is
6   unnecessary at this time.  Specifically, in *Bittaker v. Woodford*, the Ninth Circuit Court of
7   Appeals, sitting *en banc*, asserted that "it has long been the rule in the federal courts that,
8   where a habeas petitioner raises a claim of ineffective assistance of counsel, he waives the
9   attorney-client privilege as to all communications with his allegedly ineffective lawyer." 331
10  F.3d 715, 716 (9th Cir. 2003) (en banc).  In that case, the Ninth Circuit observed that there are
11  three important implications that flow from the regime of implied waiver in the federal habeas
12  context.  First, "the court must impose a waiver no broader than needed to ensure the fairness
13  of the proceedings before it . . . Second, the holder of the privilege may preserve the
14  confidentiality of the privileged communications by choosing to abandon the claim that gives
15  rise to the waiver condition." *Id*. at 720-21.  "Finally, if a party complies with the court's
16  conditions and turns over privileged materials, it is entitled to rely on the contours of the
17  waiver the court imposes, so that it will not be unfairly surprised in the future by learning that
18  it actually waived more than it bargained for in pressing its claims." *Id*. at 721.  The *Bittaker*
19  court then considered the appropriate scope of such an implied waiver, and held that "we can
20  conceive of no federal interest in enlarging the scope of the waiver beyond what is needed to
21  litigate the claim of ineffective assistance of counsel in federal court.  A waiver that limits the
22  use of privileged communications to adjudicating the ineffective assistance of counsel claim
23  fully serves federal interests." *Id*. at 722.

24       Moreover, the Court finds that Mr. Leen has not met his burden of satisfying the
25  requirements for intervention pursuant to Federal Rule of Civil Procedure 24.  Where a party
26  cannot intervene as of right, but seeks permission to intervene, the Court may grant a timely

1    motion to intervene if it is brought by one who is (1) given a conditional right to intervene by a
2    federal statute, or (2) has a claim or defense that shares with the main action a common
3    question of law or fact.  Fed. R. Civil P. 24(b).  The proposed intervenor bears the burden of
4    demonstrating that it has satisfied the requirements for intervention.  *See Prete v. Bradbury*,
5    438 F.3d 949, 954 (9th Cir. 2006); *Donnelly v. Glickman*, 159 F.3d 405, 409 (9th Cir. 1998).
6    Here, Mr. Leen seeks to intervene "[b]ecause Pro Se Petitioner has had no one to represent his
7    interests or protections[.]"  Dkt. 12 at 2.  Mr. Leen later acknowledges, however, that in light
8    of petitioner's ineffective assistance of counsel claims he "is not the proper party to protect Pro
9    Se Petitioner's rights under the attorney client privilege[.]"  *Id*. at 3.   As Mr. Leen has not
10   demonstrated that he has any relevant statutory right, claim, or defense that is relevant to this
11   § 2255 action, his motion to intervene, Dkt. 12, is DENIED.

12        With respect to Mr. Leen's suggestion that counsel be appointed to represent
13   petitioner's interests under the attorney-client privilege, the Court notes that there is no right to
14   appointment of counsel in a habeas proceeding.  *See Bonin v. Vasquez*, 999 F.2d 425, 429 (9th
15   Cir. 1993).  Furthermore, the Court declines to exercise its discretion to appoint counsel
16   pursuant to 18 U.S.C. § 3006A(a)(2)(B), because petitioner has demonstrated a reasonable
17   ability to articulate his claims on a *pro se* basis and the Court cannot find, at this early stage of
18   the proceedings, that petitioner appears likely to succeed on the merits.  *See Weygandt v. Look*,
19   718 F.2d 952, 954 (9th Cir. 1983).

20        The Court, having reviewed respondent's motions, Mr. Leen's motion, the governing
21   law, and the balance of the record, hereby ORDERS as follows:

22        (1)     Respondent's Emergency Motions Regarding Waiver of Attorney-Client
23   Privilege, Dkts. 9 and 11, are GRANTED.  The attorney-client privilege, as set forth in RPC
24   1.6, is deemed waived as to the conduct and competence of Mr. Leen placed at issue by
25   petitioner's claims of ineffective assistance of counsel in his § 2255 motion.  Petitioner's
26   former attorney, Robert Leen, is therefore authorized to provide evidence of his otherwise

1   privileged conversations with petitioner by way of affidavit, testimony, or in any other form.
2   Mr. Leen is also authorized to produce documents and records related to his representation of
3   petitioner.

4       (2)    Absent further orders from the Court, any evidence provided by Mr. Leen
5   pursuant to this Order shall be kept confidential, and shall be used by the Government solely
6   for the purpose of litigating petitioner's claims of ineffective assistance of counsel in the
7   instant § 2255 petition.  This information or evidence shall not be admissible against petitioner
8   in any other proceedings, including any trial or re-trial in this case.  This Order shall remain in
9   effect even after the Court has ruled on petitioner's § 2255 petition.  Both parties retain the
10  right to apply to the Court for modification of this Order.

11      (3)    Mr. Leen's Motion for Leave to Intervene and Seek Clarification, Dkt. 12, is
12  DENIED.

13      (4)    The February 22, 2011 deadline for respondent's answer to the § 2255 motion
14  set forth by this Court's January 5, 2011 Order shall remain in effect.

15      (5)    The Clerk is directed to send a copy of this Order to petitioner, counsel for
16  respondent, Mr. Leen, and the Honorable James L. Robart.

17  DATED this 3rd day of February, 2011.

*James P. Donohue*

JAMES P. DONOHUE
United States Magistrate Judge

ORDER
PAGE - 5